Okon ETEFIA, Plaintiff–Appellant,

v.

RUSSELL COLLECTION AGENCY, INC., Defendant–Appellee.

No. 01–1156.

United States Court of Appeals, Sixth Circuit.

Sept. 27, 2001.

Before KENNEDY, GUY, and BOGGS, Circuit Judges.

ORDER

Okon Etefia, proceeding pro se, appeals a district court judgment dismissing his civil action filed pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In the amended complaint, Etefia first claims that Russell Collection Agency, Inc. ("Russell") is a user of credit reports and is a regulated person under the FCRA. Therefore, Etefia alleges that Russell violated the FCRA by: 1) willfully putting inaccurate information regarding a delinquent account on Etefia's credit profile; 2) failing to maintain reasonable procedures to assure compliance with the provisions of the FCRA; and 3) failing to report that Etefia disputed the debt Russell was attempting to collect. Second, Etefia claims

that Russell falsely, purposely, willfully and maliciously obtained Etefia's credit report in violation of 15 U.S.C. § 1681q and § 1681n and that Russell obtained Etefia's credit report in violation of 15 U.S.C. § 1681o. Etefia sought actual or statutory damages, whichever is greater, punitive damages of $200,000, and reasonable attorney's fees and costs.

Russell filed a motion for summary judgment and Etefia filed a motion for summary judgment as to liability. The district court granted Russell's motion for summary judgment on December 22, 2000. Judgment was entered December 27, 2000. This timely appeal followed.

Upon de novo review, we conclude that the district court properly granted summary judgment to Russell for the reasons stated by that court. *See* Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

First, Russell is not a credit reporting agency within the meaning of 15 U.S.C. § 1681a(f). Russell is merely in the business of collecting debts and passing on information regarding unpaid debts to credit reporting agencies.

Second, even if Russell is considered a credit reporting agency under the FCRA, Russell did not willfully report inaccurate information, fail to maintain reasonable procedures to assure compliance with the FCRA, or fail to report that the debt to Quest Diagnostics was disputed.

Third, Russell had a legitimate business need for Etefia's credit report. *See* 15 U.S.C. § 1681b(a)(3)(F). Whether or not the report was correct is at the very heart of this lawsuit. *See Duncan v. Handmaker*, 149 F.3d 424, 427 (6th Cir. 1998). Further, Russell was authorized by § 1681b(a)(3)(A) to request a credit report since its reason for requesting the report was to review the collection of an account of a consumer. Moreover, even if Russell did not have a legitimate business reason for requesting the report, Russell did not obtain the report under false pretenses. *Id.* at 426.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.